IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GEORGE LEE McGHEE, JR.                                                      PLAINTIFF

VS.                                                    CIVIL ACTION NO.  3:13cv290-DPJ-FKB

WARDEN FRANK SHAW                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

George McGhee is a state prisoner who was convicted of burglary of a dwelling. Defendant, Frank Shaw, is the warden of the facility in which McGhee is housed. McGhee brought this action pursuant to § 1983 alleging that his conviction is invalid because he received ineffective assistance of counsel.  He seeks damages and release from prison.  The undersigned recommends for the reasons stated herein that this matter be dismissed for failure to state a claim.

A plaintiff may not recover damages under § 1983 if a judgment in his favor would necessarily imply the invalidity of an underlying criminal conviction or sentence, unless the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  If the plaintiff cannot show that the conviction has been invalidated, the complaint must be dismissed. *Id.*  Plaintiff's burglary conviction has not been invalidated.  For this reason, his claim for damages fails to state a claim for which relief may be granted and must be dismissed.

Plaintiff's claim for release is not cognizable under § 1983.  Challenges to the fact of imprisonment must be made under the federal habeas statute, not § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   Therefore, this claim should likewise be dismissed.

The parties are hereby notified that failure to file with the Clerk written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of September, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE