UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GEORGE LEE MCGHEE, JR.                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:13CV290 DPJ-FKB

WARDEN FRANK SHAW                                                                       DEFENDANTS

ORDER

This pro se prisoner claim is before the Court on the Report and Recommendation [8] of United States Magistrate Judge F. Keith Ball. Plaintiff has objected, and the Court has fully considered the premises. For the following reasons, the Court finds that Judge Ball's recommendation should be adopted as the opinion of the Court.

Plaintiff George Lee McGhee, Jr., was convicted of burglary in state court. He now seeks monetary damages under 42 U.S.C. § 1983, claiming that the state violated his Eighth Amendment rights by incarcerating him despite his innocence. But as Judge Ball correctly noted, a § 1983 claim that challenges the fact of a state conviction "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

McGhee's objection to the Report and Recommendation amply demonstrates that he seeks the very relief that *Heck* precludes. He argues that he is innocent of the crime and that it is

therefore cruel and unusual punishment to hold him.  Success on such a claim necessarily implies that he is being wrongfully held, yet the conviction has not been set aside.  *Id*.  The claim must therefore be dismissed.[1]

IT IS, THEREFORE, ORDERED that the Report and Recommendation [8] is adopted and this suit is dismissed with prejudice for failure to state a claim until such time as McGhee successfully has the state-court conviction invalidated via appeal, post-conviction relief, habeas, or otherwise.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

IT IS FURTHER ORDERED that this dismissal counts as a strike under 28 U.S.C. § 1915(g).  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED** this the 2nd day of October, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Because McGhee previously sought habeas relief, the suit cannot be liberally construed as a habeas petition.